**UNITED STATES DISTRICT COURT- NORTHERN DISTRICT OF INDIANA**

Cause No. __2:25-CV-58__

-FILED-

FEB 05 2025

At_____M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**CEDRIC GREENE,**
*Plaintiff,*

v.

**INGLEWOOD ONE STOP,**
*Defendant.*

## DISTRICT COURT CLAIM FOR DAMAGES

**Cedric Greene**
**501 East 6TH Street**
**Los Angeles, California 90021**
**Tel: (323) 972- 9966**
*Email:* *Cedricgreene33@yahoo.com*

1

## STATEMENT OF GREENE'S *"PROPOSED"* CLAIM FOR DAMAGES

Greene respectfully seeks to pursue a claim in the Northern District of Indiana, pursuant to *Federal Rules of Civil Procedure 8(a)*. The cause of action occurred on the date of December 9, 2024, at the One Stop location of 110 South La Brea Avenue- 3rd Floor, Inglewood, California 90301. On the date of December 19, 2024, the City of Inglewood declined acceptance of the claim under *File Number 24- 183520*. Inglewood's response was that it has no jurisdiction over the One Stop Resource Center. Due to defamation reasons, the interest of justice doesn't give Greene a legal remedy to pursue his claim within the legal system where the cause occurred, and the legal system in that state won't cooperate with Greene under the change of venue laws despite having the understanding that their system has caused extreme damage to Greene's name as a pro se litigant in the legal system. The City of Inglewood appeared to have understanding to Greene's "legit concerns" with further pursuit of the claim in the legal system where the circumstances occurred.

Based on the above, we would ask that the federal legal system in this state permit opportunity.

As to the claim itself, Greene patronized the Inglewood One Stop with a rolling cart for business purposes, as he had previously done so on many of occasions prior to the incident date in question.

Many of individuals travel with rolling carts for business purposes, essential, and necessary reasons. Inglewood One Stop on the other hand, used Greene's cart as a discriminatory purpose to say that he wasn't permitted to use their services for *"rolling cart reasons."* In addition to those discriminatory factors, One Stop staff harassed Greene for 45 minutes about *rolling cart matters* before he could start computer usage, and then kicked him out of their business establishment after alleging that his two hours were up. *They also pulled Greene to the side to tell him that his time on the computer was up, in which signals that they were watching the clock to dismiss him from their center.*

They had no one else waiting for computer usage on the date in question before kicking Greene out in an inhumane manner. Greene's cart wasn't a danger or safety hazard to the business, its staff, or security. In addition, the One Stop is well aware that Greene travels with a rolling cart for business purposes and prior to the cause date in question, it wasn't an issue. They have also never made an issue of the two- hour usage time prior to the date of December 9, 2024. When it's no one waiting

2

for computer usage, they wouldn't interrupt someone's work or research. Nevertheless, prior to Greene attempting to start his session, they interfered with him for more than 40 minutes speaking about the rolling cart. The City of Inglewood's claim response was to seek the advice of an attorney.

## RELIEF

In his relief efforts under *Federal Rules of Civil Procedure 8(a)(3)*, Greene would ask that the Hammond Division have understanding that defamation factors don't permit Greene an impartial window of opportunity to pursue claim matters in the legal system where the cause occurred.

In addition to the defamation factors, they won't compromise with the *Pro Se Litigant* under the transfer and change of venue laws. Greene also has first had reliable knowledge that the system in that state has influenced others to strip Greene of an opportunity in other state's that were open to working with Greene on impartial pro se terms. That's gross violating his rights under the 14th Amendment. That's one of the major reasons why we are asking that the claim gets an opportunity here. The claim should also get an opportunity to proceed here because the City of Inglewood was well aware that Greene wasn't going to pursue the case matter in the legal system in California.

That said, we will ask for case acceptance here in the U.S. District Court in Hammond, Indiana, and seek civil damages in the sum of $20, 000.00 if politics doesn't strip Greene's case in this venue.

Signed this 27th day of *January*, *2025*.                                   Signature: *Cedric Greene Jr.*

3